Case 4:16-cv-03393   Document 29   Filed on 03/07/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC HAMILTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3393 |
| | § | |
| BLUETOWER MOBILE, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff Eric Hamilton's Motion for Summary Judgment (Doc. No. 26). After considering Plaintiff's Motion and all applicable law, the Court determines that the Motion for Summary Judgment must be **GRANTED**.

### I.   BACKGROUND

Plaintiff Eric Hamilton worked for Defendants Bluetower Mobile, LLC and Chad Castillo as a "Tower Tech" from around October 14, 2014 to May 27, 2016. (Doc. No. 26, ex. 1 ¶ 6). Castillo was one of the owners and operators of Bluetower during Plaintiff's employment. (Doc. No. 26, ex. 1 ¶ 3). Plaintiff's position involved "physical labor, such as installing, repairing, and updating cellphone tower technology and equipment." (Doc. No. 26, ex. 1 ¶ 2). Initially Plaintiff was paid a weekly salary of $1,500. He was later paid $1,200 per week. (Doc. No. 26, ex. 1 ¶ 8). Plaintiff worked an average of 72 hours per week. (Doc. No. 26, ex. 1 ¶ 8). However, he never received overtime compensation for the hours he worked in excess of 40 per week. (Doc. No. 26, ex. 1 ¶ 9).

Plaintiff filed his first complaint against Defendants on November 17, 2016. (Doc.

1

1). He filed two amended complaints, the first on July 6, 2017, and the second on June 6, 2018. (Doc. Nos. 6, 21). In his complaint, he alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime. To date, neither Defendant has filed an answer. On September 11, 2018, the Court granted Plaintiff leave to file a motion for summary judgment. (Doc. No. 27). Neither Defendant has filed any response to Plaintiff's motion.

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 469 (5th Cir. 2012).

## III.  ANALYSIS

The FLSA obligates employers to pay employees "employed in an enterprise engaged in commerce or in the production of goods for commerce" one and one-half times their regular rate of pay for all hours worked in excess of forty per week. 29 U.S.C.

§ 207(a). To establish an FLSA violation, an employee must demonstrate: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Because Defendants have not responded to Plaintiff's complaint or his motion for summary judgment, all of his allegations, other than those relating to the amount of damages owed, are deemed admitted. *See* Fed. R. Civ. P. 8(b) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

**A.     The Existence of an Employer/Employee Relationship**

An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether there is an employer/employee relationship, the Fifth Circuit uses the "economic reality" test. It considers whether the employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). A party does not need to demonstrate every element to prove that there is an employer/employee relationship. *See Orozco v. Plackis*, 757 F.3d 445, 449 (5th Cir. 2014) (holding that the plaintiff's failure to

provide evidence that the defendant maintained employment records was not fatal to establishing an employer/employee relationship). "[T]hose who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012) (quoting *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012)).

In the form of a declaration, Plaintiff has provided unrebutted evidence that he was employed by Bluetower and that Defendant Castillo had the power to hire and fire employees, supervise and direct employees' work, make decisions about employee compensation and capital expenditures, and run the daily affairs of the business, including setting work assignments for Tower Techs. (Doc. No. 26, ex. 1 ¶ 3). Since Defendant has admitted these facts, Plaintiff has established the existence of an employer/employee relationship.

**B.     FLSA Coverage**

To establish that an employee engaged in FLSA covered activities, the employee must demonstrate that: "(1) [he] personally engaged in commerce or the production of goods for commerce ('individual coverage') or (2) [he] worked for an enterprise engaged in such activity ('enterprise coverage')." *Mata v. Caring for You Home Health, Inc.*, 94 F. Supp. 3d 867, 872 (S.D. Tex. 2015) (citing *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)). "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In determining whether an employee is "engaged in

commerce," the court must "consider with the work that [the employee] himself performed is, in practical effect, a part of either commerce or the functioning of an instrumentality or facility of interstate commerce." *Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 440 (N.D. Tex. 2012) (quotation marks omitted). "[A]ny regular contact with commerce, no matter how small, will result in coverage." *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1124 (5th Cir. 1979).

Plaintiff has provided undisputed evidence that he was engaged in commerce on Defendants' behalf as a Tower Tech at Bluetower. During his employment, Bluetower did business in Texas, New Mexico, and Kansas. Plaintiff performed work in all three states on Bluetower's behalf. (Doc. No. 26, ex. 1 ¶ 5). Plaintiff has therefore demonstrated that he was engaged in commerce; his work across state lines on interstate communications engaged him in the "actual movement of persons or things." *Mendoza*, 911 F. Supp. 2d at 440.

## C. Defendants' Violation of the FLSA

The FLSA requires employers to pay nonexempt employees overtime at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty per week. 29 U.S.C. § 207(a). The employer bears the burden of demonstrating that an employee is exempt under the statute. 29 U.S.C. § 213. "[E]xemptions are construed narrowly against the employer and the employer has the burden of proving that an employee is exempt." *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 402 (5th Cir. 2002).

Plaintiff has provided evidence that he worked 72 hours a week on average but was paid the same amount regardless of how many hours he worked. (Doc. No. 26, ex. 1 ¶¶ 4, 6). Because Defendant has failed to file either an answer or a response to Plaintiff's motion for summary judgment, this evidence is undisputed. Defendant has not offered any evidence to suggest that Plaintiff is exempt under the FLSA. Therefore, Plaintiff has demonstrated that Defendants violated the FLSA.

**D.     Damages**

When an employer's records are inaccurate or inadequate, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the [FLSA]." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946), *superseded in part by statute on other grounds*, Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84, *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). In these circumstances, the employee can prove damages by "just and reasonable inference." *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 865-66 (S.D. Tex. 2014) (quoting *Mt. Clemens*, 328 U.S. at 687). The parties have not provided any of Plaintiff's employment records in this case, presumably because Defendants have not responded to Plaintiff's suit.

"When modes of payment other than an hourly rate are used, the amount of overtime due must be calculated by converting the employee's weekly compensation to a regular hourly rate for each week. . . . The general rule is that '[w]age divided by hours equals regular rate.'" *Givens v. Will Do, Inc. Houston*, No. 4:10-cv-02846, 2012 WL 1597309, at

6

*3 (S.D. Tex. May 4, 2012) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942)). Plaintiff has submitted that, in his case, the Court should make the calculation based on the understanding that his weekly salary was "fixed pay for variable or fluctuating hours." *Id.*; 29 U.S.C. § 778.114(a).

Plaintiff has provided undisputed evidence that he worked an average of 72 hours per week during his employment with Defendants. He was paid $1,500 per week for 74 weeks and $1,200 per week for 10 weeks. (Doc. No. 26, ex. 1 ¶¶ 6-8). His regular rate for 74 weeks was therefore $20.833, and his regular rate for the remaining 10 weeks was $16.667. His overtime premium for the first 74 weeks was $10.416 and $8.333 for the last 10 weeks. For the first 74 weeks, his weekly unpaid overtime premium is $333.312 and $266.656 for the last 10 weeks. In total, therefore, he is owed $27,331.65 ($24,665.088 + $2,666.56) in unpaid overtime.

Plaintiff is also entitled to liquidated damages. "An employer who violates the FLSA is liable for liquidated damages equal to the unpaid overtime unless the court finds that the employer acted in good faith and reasonable grounds to believe that his actions complied with the statute. . . . The employer bears the burden of demonstrating that it acted in good faith to escape mandatory liquidated damages under the statute." *Ford v. Houston Indep. Sch. Dist.*, 97 F. Supp. 3d 866, 872 (S.D. Tex. 2015) (internal citations omitted). Defendants have not offered any evidence that they acted in good faith. Therefore, Plaintiff is also owed $27,331.65 in liquidated damages. 29 U.S.C. § 216(b). The total is $54,663.30.

## E. Attorney's Fees

29 U.S.C. § 216(b) allows a prevailing plaintiff in an FLSA case to recover attorney's fees. "Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an appropriate attorney's fee award. . . . There exists a strong presumption of the reasonableness of the lodestar amount." *Saizan v. Delta Concrete Products, Co., Inc.*, 448 F.3d 795, 799-800 (5th Cir. 2006).

Plaintiff has documented the requested attorneys' fees in a declaration from the partner in charge of Plaintiff's case. (Doc. No. 26, ex. 2). Plaintiff requests $9,010. This reflects a total of 32 hours worked on the case at a rate of $350.00 per hour for the partner and $275.00 per hour for her associate. (Doc. No. 26, ex. 2 ¶ 5). Plaintiff has provided the 2015 Hourly Fact Sheet for the State Bar of Texas, which reflects that the median hourly rate for private practitioners was $260.00. $350.00 is the 75th percentile. (Doc. No. 26, ex. 2-A). Plaintiff requests this higher than median rate because of the partner's extensive experience and qualifications on FLSA cases. (Doc. No. 26, ex. 2 ¶¶ 2-5). Plaintiff has also provided a detailed itemized record of the hours worked on the case that reflects good billing judgment. In light of Plaintiff's success on the merits, the Court finds that Plaintiff's requested attorney's fees of $9,010 are reasonable.

## IV. CONCLUSION

It is therefore **ORDERED** that Judgment is granted in favor of Plaintiff and against Defendants, jointly and severally in the following amounts:

i. Unpaid overtime compensation in the amount of $27,331.65

ii. Liquidated damages in the amount of $27,331.65

iii. Reasonable attorney's fees in the amount of $9,010

iv. Costs in the amount of $965.81; and

v. Interest at the rate of 2.55% from the date of this judgment until the entire amount is paid.

**SIGNED** on this the 7th day of March, 2019.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE